## JOHN A. McNEAR *v.* S. M. HUTCHINSON.

PURCHASE OF SWAMP LAND UNDER ACT OF 1855.—One who had purchased from the State and paid for a tract of swamp and overflowed land under the Act of 1855, prior to the repeal of said Act in 1858, had acquired a vested right in the land which could not be taken from him by the repeal, although his patent was not issued at the time of the passage of the repealing Act.

SWAMP LAND WITHIN LIMITS OF CITY.—H. purchased of the State and paid for a parcel of swamp or overflowed land, but before the patent was issued an Act was passed including the land within the limits of Petaluma, an incorporated city. *Held,* that the patent afterwards issued was not thereby rendered invalid.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

The facts are stated in the opinion of the Court.

*George Pearce,* for Appellant, argued that as the land was located under the Act of 1855, and as the Act of 1855 was repealed in 1858, before the patent issued, and as the repealing Act differed in many particulars from the old Act, and required purchasers under the old Act to comply with the provisions of the new, and as the Act of 1858 excluded lands within the limits of an incorporated city from its provisions, and as the patent recited that it was issued under the Act of 1855, it was invalid, and issued without authority of law.

*William D. Bliss,* for Respondent, argued that as the defendant did not interpose any equitable defense he was not in a condition to attack the patent; and cited *People* v. *Stratton,* 25 Cal. 242, 251. He also argued that the patent did not come within the provisions of the Act of 1858.

By the Court, CURREY, C. J.:

Ejectment for a small tract of land situate in East Petaluma, in Sonoma County. The plaintiff produced and gave in evidence a patent issued by the State to Thomas Hopper, bearing date July 16, 1860, which purported to grant the land in controversy, with other land of which it was a part,

23

as swamp and overflowed land, donated to the State of California by an Act of the Congress of the United States, passed September 28, 1850, entitled "An Act to enable the State of Arkansas and other States to reclaim the swamp lands within their limits." (9 Stats. at Large, 519.) The plaintiff also produced and gave in evidence certain deeds of conveyance by which he acquired the title of Hopper to an undivided portion of the premises. It did not appear on the trial that defendant had any title to the property, and it is not claimed on his behalf that he can retain its possession provided the title thereto had passed to Hopper. The plaintiff obtained judgment, after which the defendant moved for a new trial, which was denied, and now on appeal he controverts the validity of the patent, and also insists that the evidence did not warrant the conclusion that the premises in controversy were a part and parcel of the land described in the patent. In respect to the last point stated, we think the evidence warranted the finding of the Court. The main point in the case relates to the validity of the patent and its effect as evidence of title in the plaintiff to an undivided interest in the premises sought to be recovered. The patent refers to the Act of Congress granting to the State the swamp and overflowed lands within its limits, and then recites that in accordance with its provisions the Legislature of the State of California, on the 28th of April, 1855, passed an Act entitled "An Act to provide for the sale of the swamp and overflowed lands belonging to the State," authorizing the location and disposal of a portion of the swamp and overflowed lands donated to the State by said Act of Congress; and further recites the payment by said Hopper of the price for the land described in the patent, and then follows the granting clause in these words :

"Now, therefore, all the requirements of the Acts of Congress, as well as the Act of the State Legislature, in relation to swamp and overflowed lands, having been fully complied with, I, John G. Downey, Governor of the State of California, by virtue of authority in me vested, have granted, bargained,

sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said Thomas Hopper, all the above described lands, with the appurtenances thereto belonging; to have and to hold unto him, the said Thomas Hopper, his heirs and assigns forever."

From other evidence in the case, it appears that the proceedings taken and had on the part of Hopper to obtain the title to the land described in the patent under the Act of the Legislature, had their inception and completion in October, 1857, and that the consideration for the land was paid by him in that month, and that his patent was recorded in Sonoma County on the 6th of August, 1860, which was soon after it was issued. The evidence shows that Hopper complied with all the requirements of the Act of 1855, in order to obtain a title from the State to the land in question.

In 1858 an Act was passed by the Legislature entitled "An Act to provide for the sale and reclamation of swamp and overflowed lands of this State," (Laws 1858, p. 198,) and by its last section the Act of 1855 was repealed, but as a part of the repealing section it was provided that the repeal of the Act of 1855 should in nowise disturb or affect any rights which at that time had become vested or which had accrued under the Act repealed. When the Act of 1858 was passed, and long before then, there had accrued to Hopper a vested right in the premises which he had caused to be surveyed and located; and the right to be fully invested with the title from the State had then accrued to him. His right was complete on the 12th of April, 1858, when the City of Petaluma was incorporated, and though the land was, at the date of the patent, within the incorporated limits of that city, that fact did not render the patent invalid.

We are of the opinion the judgment was right and should be affirmed. Judgment affirmed.